**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Geraldine Van Damme

Plaintiff,

v.

U.S. Bank National Association et al.,

Defendants.

Case No. 2:25-cv-1481-RFB-BNW

**ORDER**

Before this Court is Defendants U.S. Bank and Wells Fargo Bank, N.A.'s Motion to Stay Discovery. ECF No. 31. Plaintiff opposed the motion (ECF No. 37), and Defendants replied (ECF No. 40). The parties are familiar with the arguments. As a result, this Court does not repeat them. Instead, it will incorporate the arguments as necessary and relevant to this order.

## I.    Legal Standard

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). A court may, however, stay discovery under Fed. R. Civ. P. 26(c). The standard for staying discovery under Rule 26(c) is good cause.

The Ninth Circuit has not provided a rule or test that district courts must apply to determine if good cause exists to stay discovery. But it has identified one scenario in which a district court may stay discovery and one scenario in which a district court may not stay discovery. The Ninth Circuit has held that a district court may stay discovery when it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted. *See Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). The Ninth Circuit also has held that a district court may not stay discovery when discovery is needed to litigate the dispositive motion. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993).

Based on this Ninth Circuit law, district courts in the District of Nevada have applied the preliminary peek test to determine when discovery may be stayed. *See, e.g., Kor Media Group, LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013). Under that test, the moving party must meet the following three requirements before the court will stay discovery pending a motion to dismiss: (1) the pending motion must be potentially dispositive; (2) the potentially dispositive motion be capable of resolution without additional discovery; and (3) after taking a "preliminary peek" at the merits of the potentially dispositive motion, the court must be convinced that the plaintiff will be unable to state a claim for relief. *Id.* at 581. The point of the preliminary peek test is to "evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of [Federal] Rule [of Civil Procedure] 1." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). This Court has found the preliminary peek test can sometimes be problematic because it can be inaccurate and inefficient. *See Schrader v. Wynn Las Vegas, LLC*, No. 2:19-CV-02159-JCM-BNW, 2021 WL 4810324, at *3 (D. Nev. Oct. 14, 2021). Importantly, the application of the preliminary peek test as written (i.e., the Court must be *convinced* after a superficial look at the dispositive motion that the plaintiff cannot state a claim), inevitably leads to few motions to stay discovery being granted, and those are typically baseless cases. *Id.* at * 3-4.

The Court believes a more workable analytical framework exists for determining when motions to stay should be granted. As a result, the test this Court considers is (1) whether the dispositive motion can be decided without further discovery, and (2) whether good cause exists to stay discovery.

Good cause may be established using the preliminary peek test, but it may also be established by other factors not related to the merits of the dispositive motion. For example, in many cases, the movant seeks a stay of discovery to prevent "undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1). In those cases, the movant must establish what undue burden or expense will result from discovery proceeding when a dispositive motion is pending. While good cause may be established based on such non-merits-based considerations, the merits of the case may certainly also play a role in the analysis. In some cases, the merits of the dispositive motion may influence the decision even if the court is not "convinced" after taking a peek. Ultimately, guided by Fed.

R. Civ. P. 1, the Court is trying to determine "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay*, 278 F.R.D. at 603.

"The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc*., 364 F.3d 1057, 1063 (9th Cir. 2004).

**II.    Analysis**

This Court starts by analyzing Defendants' argument in their Motion to Dismiss that the claims at issue are barred by claim preclusion. The prior cases cited by Defendants include similar claims or theories to the ones that Plaintiff brings in the present case, and all but one of the cases have final judgments. Although Plaintiff was not a party in the three U.S. District Court cases that Armin (Plaintiff's then-husband) filed in the District of Nevada, the district judge may find Plaintiff was in privity with Armin since she had an interest in the subject property as a as co-owner or co-tenant. *See Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1053 (9th Cir 2005). Thus, this Court is left with a strong impression that Defendants will likely be successful at having Plaintiff's wrongful foreclosure and lost or stolen instrument claims[1] dismissed under claim preclusion. *See Five Star Cap. Corp. v. Ruby*, 124 Nev. 1048, 1054–55, 194 P.3d 709, 713 (2008) (listing the elements of claim preclusion in Nevada).

And no discovery is needed to make that determination. Whether Plaintiff's claims are precluded by her ex-husband's prior litigation can be decided by looking to judicially noticeable documents and his prior cases. *See* ECF No. 25-3 (Foreclosure Mediation Order Granting Appropriate Relief); 2:15-cv-1951-GMN-PAL (First USDC Action); 2:24-cv-01287-JAD-BNW (Second USDC Action); 2:24-cv-02376-RFB-EJY (Third USDC Action). Additionally, most of the "narrowly tailored discovery" that Plaintiff proposes as an alternative to a blanket stay of

---

[1]This Court is convinced, however, that Plaintiff's third claim, which is a claim for declaratory relief, will be dismissed. Declaratory relief is a remedy, not a stand-alone claim. *Brown v. Transworld Sys., Inc.*, 73 F4th 1030, 1038 (9th Cir. 2023); *see also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).

discovery is made up of judicially noticeable documents already before the Court. *See* ECF No. 37 at 7.

Next, this Court evaluates whether good cause exists to stay discovery. This Court takes note of previous cases challenging the foreclosure on the subject property filed by Plaintiff's ex-husband, Armin[2], as well as a 2019 foreclosure mediation that Plaintiff took part in with Armin. [3]

Litigation surrounding the foreclosure of the subject property has been ongoing for nearly seventeen years with multiple cases being filed in different courts and different jurisdictions. Accordingly, much of the discovery Plaintiff alleges is needed has already been produced in other litigation and is judicially noticeable by the Court. Further, it is an undue burden on Defendants to produce additional discovery when it is likely that at least some of Plaintiff's claims or parts of claims are precluded. Defendants have demonstrated that harm or prejudice will result if discovery proceeds now. Conversely, Plaintiff will not suffer any harm if discovery is stayed. Plaintiff has already been evicted from the property. *See* ECF No. 31 at 14. Accordingly, this Court finds that there is good cause to grant Defendant's stay of discovery under the guidance of Fed. R. Civ. P. 1.

**III.    Conclusion**

**IT IS THEREFORE ORDERED** that Defendants' motions to stay discovery (ECF No. 31 is GRANTED.

DATED: March 18, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[2]*See* 2:15-cv-1951-GMN-PAL; 2:24-cv-01287-JAD-BNW; 2:24-cv-02376-RFB-EJY.
[3]*See* ECF No. 12-8